IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>PATRICIA BROWNE and<br>CLIVE ANTHONY CONNELL, JR.,<br><br>Defendants. | CRIMINAL ACTION FILE NO.:<br><br>1:24-CR-327-VMC-JKL |

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

On December 30, 2025, the undersigned entered a report and recommendation (the "R&R") recommending, among other things, that Defendant Patricia Browne's "Motion to Suppress Cell-Site Locational Data" [Doc. 72], which was joined by Defendant Clive Anthony Connell, Jr.,[1] be denied because counsel did not perfect the motion by providing a copy of the underlying search warrant as directed by the court [Doc. 116 at 18].  Following the issuance of the R&R, counsel for Browne advised the Court that the failure to file the warrant was inadvertent, and requested that the Court address the motion to suppress on its merits once a copy of the warrant was filed with the Court.  [*See*

---

[1] Defendant moved to adopt the motion [Doc. 74], which the undersigned granted [Doc. 116 at 18 n.14].

Doc. 120 at 7 (objections); *see also* Doc. 126 at 1 (order discussing counsel's oversight and request).] On January 16, 2026, the District Judge granted Browne's request and referred the motion to suppress to me for consideration. [Doc. 126.] On January 20, 2026, Browne filed a copy of the warrant. [*See* Doc. 128-1.]

On February 2, 2026, the government responded to the motion to suppress. [Doc. 130.] The government contends that Browne's motion is moot because the government has confirmed that it does not intend to introduce historical cell-site data for Browne's phone—which had been obtained via the challenged search warrant—during the trial in this case. [*Id.* at 1-2; *see also* Doc. 130-1.] On February 3, 2026, the government filed a supplemental brief confirming that it also does not intend to introduce historical cell-site data for Cornell's phone. [Doc. 132.] Counsel for defendants subsequently advised the Court that in light of the government's position, they are withdrawing their motion to suppress.

The undersigned agrees that the government's assurances render the motion to suppress moot. Accordingly, it remains the undersigned's recommendation that the motion be denied, though the denial should be without prejudice.

For these reasons, it is **RECOMMENDED** that the Motion to Suppress Cell-Site Locational Data [Doc. 72] be **DENIED**. The case remains certified ready for trial.

IT IS SO RECOMMENDED, this 4th day of February, 2026.

_____
JOHN K. LARKINS III
United States Magistrate Judge