IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PATRICIA BROWNE and CLIVE ANTHONY CONNELL, JR.,<br><br>Defendants. | Criminal Action No.<br>1:24-cr-327-VMC-JKL |

# ORDER

This matter is before the Court on the Final Report & Recommendation ("R&R") issued by Magistrate Judge John K. Larkins III on December 31, 2025. (Doc. 116). Defendants Patricia Browne and Clive Anthony Connell, Jr. filed timely Objections (Docs. 120, 129) to the R&R.

## I.  Legal Standard

When reviewing an R&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party objecting to an R&R "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). If neither party objects, the district judge need only review the R&R for clear error and "may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. Patricia Browne's Objections

### A. Motion to Suppress Evidence

First, Ms. Browne objects to the Magistrate Judge's statement that "a 'one-day lookout' had been issued to inspect [the Defendants] luggage for contraband." (Doc. 120 at 1–2). It appears that Ms. Browne objects to this statement because the officers who testified at the hearing did not recall the details of the lookout with certainty. However, the Magistrate Judge noted that, "It is unknown who created the one-day lookout for Defendants, what it said, who was responsible for putting it into the computer system, or whether the submitting officer verified any information about Defendants." (Doc. 116 at 3 n.2). Therefore, this objection is overruled.

Next, Ms. Browne objects to the Magistrate Judge's assertion that no degree of suspicion was required to search her luggage. It is unclear what particular sentence Ms. Browne is objecting to, especially because the Magistrate Judge stated that "no *reasonable* suspicion was necessary" to search the Defendants' luggage. (*See* Doc. 116 at 10). Perhaps Ms. Browne is referring to the following sentence: "The search of a person's property during a border search, 'however non-routine and intrusive,' requires no level of suspicion." (Doc. 116 at 11) (quoting *United*

*States v. Falzone*, No. 8:23-CR-351, 2024 WL 4164723, at *3 (M.D. Fla July 29, 2024) (quoting *United States v. Touset*, 890 F.3d 1227, 1233 (11th Cir. 2018))). Based on Eleventh Circuit precedent, it is correct to say that a general border search does not require any degree of suspicion. *United States v. Santiago*, 837 F.2d 1545, 1548 (11th Cir. 1988). This objection is overruled.

Ms. Browne then objects to the Magistrate Judge's finding that the search of her luggage, which included a physical examination, x-raying, and then ripping and cutting it, did not require reasonable suspicion. This objection is overruled. The Magistrate Judge correctly explained that the physical examination and x-raying of luggage are routine border searches that do not violate the Fourth Amendment. *See Touset*, 890 F.3d at 1232–33 ("[A]t the border, routine pat-down searches or frisks and searches of a traveler's luggage, incoming international mail, and vehicles are all reasonable without any level of suspicion.") (citations and quotations omitted); *United States v. Villabona-Garnica*, 63 F.3d 1051, 1057 (11th Cir. 1995) ("The initial search, which occurred when the customs agent removed the top of the transformer and then the drain plug, required no suspicion of illegality to be justified."). Nor did the officers need reasonable suspicion before cutting the luggage. The Court agrees with the Magistrate Judge that once the officers found anomalies in between the linings of the suitcases and the x-rays indicated that there were objects in those areas, the officers had sufficient suspicion to cut open

3

the bags. *See Touset*, 890 F.3d at 1233 ("The Supreme Court has never required reasonable suspicion for a search of property at the border, however non-routine and intrusive, and neither have we."); *Villabona-Garnica*, 63 F.3d at 1057 (finding that insertion of a probe into transformers required only a small quantum of suspicion to be reasonable.).

Finally, Ms. Browne objects to the Magistrate Judge's assertion that no degree of suspicion was required to refer her to secondary inspection. Although the Magistrate Judge only determined that reasonable suspicion was not required, the Eleventh Circuit has held that "general border searches, including secondary customs searches, do not require any suspicion of illegal activity." *Santiago*, 837 F.2d at 1548. This objection is overruled.

### B. Motion for Return of Seized Property

Ms. Browne asserts two objections to the Magistrate Judge's denial of her motion for return of property. First, she argues that the officers did not search her suitcases lawfully. For the reasons given above, that objection is overruled. Next, she argues that the Government should return her personal items because they can use photographs rather than the actual items for evidentiary purposes. The Court overrules this objection. The Government has asserted that the items seized from the luggage can assist with proving its case. Without a greater showing from Ms. Browne, and while this case is still pending, the Court cannot say that the

Government's need to retain the actual property outweighs Ms. Browne's interest in having it returned to her. The Court agrees with the Magistrate Judge that Ms. Browne has not met her burden of showing that she is entitled to the property.

### C.   Second Preliminary Motion to Suppress Evidence

Ms. Browne objects to the Magistrate Judge's assertion that no suspicion is required to conduct a forensic search of a phone at an international border. However, the Magistrate Judge accurately cited the holding in *Touset* that no suspicion is required. (*See* Doc. 116 at 17) (citing *Touset*, 890 F.3d at 1233–35). This objection is overruled.

### D.   Third Preliminary Motion to Suppress Evidence

Ms. Browne objects to a possible later search where two officers inventoried and photographed the contents of cardboard boxes that contained the contents of her luggage. However, as the Magistrate Judge found, the initial search of Ms. Browne's luggage was not unreasonable under the Fourth Amendment. Therefore, without a more specific argument, the Court cannot find that this subsequent search was unreasonable.

## III.   Clive Anthony Connell's Objections

The Court has reviewed Mr. Connell's objections (Docs. 122, 129) and finds that they fail to specify what portion of the R&R he is objecting to. Therefore, they

are improper, and the Court will not consider them to the extent they relate to the R&R.

IV. **Conclusion**

For the foregoing reasons, the Court **OVERRULES** the Defendants' objections and **ADOPTS** the Final Report & Recommendation (Doc. 116) to the extent it recommends that the following motions be **DENIED**: Mr. Connell's Motion to Suppress (Doc. 63) and Ms. Browne's Motion to Suppress Evidence (Doc. 65), Second Preliminary Motion to Suppress Evidence (Doc. 68), Third Preliminary Motion to Suppress Evidence (Doc. 69), and Motion for Return of Seized Property (Doc. 70).

The Government is **REMINDED** to respond to the following pending motions (Docs. 64, 67) in addition to the pending motions in limine (Docs. 121, 122) no later than one week before the pretrial conference on March 12, 2026.

**SO ORDERED** this 6th day of February, 2026.

_____
Victoria Marie Calvert
United States District Judge